UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
MAR 1 5 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-205-GWU

JERRY CAMPBELL,                                                                 PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)—i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Campbell

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

Campbell

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Jerry Campbell, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of mild carpal tunnel syndrome, a pain disorder with a general medical and a psychological condition, an adjustment disorder with mixed anxiety and depressed mood, and being status post cervical discectomy. (Tr. 18). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that there were a significant number of "light" level jobs existing in the economy which Mr. Campbell could perform and, therefore, was not entitled to benefits. (Tr. 22-5). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if he were limited to lifting no more than 25 pounds occasionally and 10 pounds frequently, could not push or pull over 100 pounds over uneven terrain, could not reach above

shoulder level for items weighing above 25 pounds, could occasionally climb, balance, stoop, crouch, kneel, and crawl, could not frequently twist or turn his head, could not use laboratory hand tools, and would be limited to simple, 1-2 step tasks and instructions. (Tr. 440-1). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the regional and national economies. (Tr. 441).

The plaintiff alleged disability due to neck, shoulder, arm, and hand pain (being status post a cervical discectomy), bilateral knee pain, and nervousness. (Tr. 69).

At the time he prepared a "pain and daily activities questionnaire" in June, 2003, Mr. Campbell indicated that he was on several medications, including Trileptal, Bextra, and Effexor, and these medications caused him to feel dizzy. (Tr. 87). At the administrative hearing in August, 2004, Mr. Campbell also described problems with dizziness and poor concentration due to his medications, which had been changed to Lexapro and Xanax. (Tr. 427, 436). His treating family physician, Dr. Glen Baker, who had prescribed the medications, testified in a July 26, 2004 deposition that Mr. Campbell's depression, pain, and his use of Xanax would hamper his concentration, to the extent that he would have "moderate to severe" difficulty staying alert. (Tr. 366). The Xanax would be the worst problem. Dr. Baker also said that the medication could cause memory problems. (Tr. 367).

8

The ALJ rejected the treating physician's mental restrictions, and stated that he would defer to the actual results of the only specialized mental health examiner, Dr. Kenneth Starkey, who interviewed the plaintiff one time in July, 2003. (Tr. 201). Dr. Starkey did not complete a specific functional capacity assessment and, at one point, commented that the plaintiff was likely to have mild difficulty managing the stresses of day-to-day work activity and sustaining attention and pace for completing tasks associated with most everyday work settings. (Tr. 205). However, at another point in his report, he appeared to conclude that the plaintiff would require at least six months of formal psychiatric and psychological care, including weekly psychotherapy, for his symptoms to improve enough so that he "could be rendered psychologically appropriate for vocational training or placement" and that "without such care Mr. Campbell's prognosis for being able to sustain gainful public employment at any future time remains guarded." (Tr. 206-7). In addition, he felt that "Mr. Campbell is likely to respond by becoming somewhat anxious and/or depressed under pressures found in most day-to-day work settings at the present time." (Tr. 207).

These comments by Dr. Starkey, which were essentially ignored by non-examining state agency reviewers who indicated that the plaintiff had no "severe" mental impairment (Tr. 256, 268, 271, 285), and not discussed by the ALJ, are patently inconsistent with the minimal mental restrictions given in the hypothetical

9

question.[1]   Particularly in light of the plaintiff's consistent testimony regarding his medication sideeffects, which was corroborated by his treating physician, a remand will be required to clarify the plaintiff's mental restrictions.

The plaintiff also argues on appeal that the ALJ erred in refusing to accept Dr. Baker's physical limitations, but Dr. Baker gave somewhat contradictory restrictions at different times. For instance, he indicated in July, 2003 that the plaintiff could "never" lift 10 pounds even occasionally (Tr. 375), but modified this in a July, 2004 deposition to lifting a "few" pounds occasionally, but not on an everyday basis and not repetitively (Tr. 365). The plaintiff himself testified at the administrative hearing that he felt he could lift 10 pounds. (Tr. 433). Furthermore, a functional capacity evaluation ordered by the plaintiff's attorney in June, 2003, indicated an ability to perform at least light level exertion. (Tr. 377). The ALJ accepted the opinion of Dr. James Templin, a specialist in occupational medicine and chronic pain management, who examined the plaintiff on two occasions and also reviewed some of his medical records. (Tr. 154, 159, 165-7). Given the contradictory nature of the evidence from the treating source, and the fact that the functional capacity evaluation, which was

---

[1]The VE was asked at the administrative hearing about the effect of a "moderate amount impact on his ability to concentrate in a sustain pace" due to psychotropic medication, and the VE responded that it would have no effect on his job numbers because "as you know, my definition of moderate is average." (Tr. 445). Even a "seriously limited but not precluded" ability to concentrate by itself would not affect the job numbers, but if a person had no useful ability than it would eliminate all jobs, in the VE's opinion. (Id.).

10

Campbell

conducted by a physical therapist, does not appear to have been ordered or directly approved by an acceptable medical source, this determination by the ALJ was supported by substantial evidence.[2]

The decision will be remanded for further consideration of the previously-cited factors, however.

This the ___15___ day of March, 2006.

*G. Wix Unthank*
G. WIX UNTHANK
SENIOR JUDGE

---

[2] However, the Court notes that Dr. Templin also indicated that the plaintiff would have a "seriously limited but not precluded" ability to deal with work stresses (Tr. 168), a factor that was not included in the hypothetical question.

11